IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JACKSON WOMEN'S HEALTH                                                           PLAINTIFFS
ORGANIZATION, et al.

v.                                                       CIVIL ACTION NO.: 3:12cv436-DPJ-FKB

MARY CURRIER, M.D., M.P.H., et al.                                               DEFENDANTS

ORDER

This case challenging the constitutionality of Mississippi House Bill 1390 ("the Act") is before the Court on Plaintiffs' Motion for Temporary Restraining Order and/or Preliminary Injunction [5]. Plaintiffs initially feared that the Act, which becomes effective today, would require them to close their doors. After Plaintiffs filed their motion, however, the State renewed the Clinic's license, and Defendants have indicated that no criminal prosecutions will be initiated at this time. Thus, much of the original motion is now moot, and the Clinic will be allowed to open regardless of this Order. Unfortunately, that does not end the issue because the State has informed the Court that it will begin enforcing the Act tomorrow by initiating the administrative process to close the Clinic if it does not comply. Plaintiffs therefore argue, among other things, that requiring them to comply with, or defend against, an allegedly unconstitutional statute will still cause irreparable injury.

The Court has considered the parties' arguments and finds Plaintiffs satisfy the requirements for temporary injunctive relief to maintain the *status quo* until the newly framed issues can be more thoroughly examined. Thus, Plaintiffs' motion is granted to the extent that any enforcement of the Act is enjoined until July 11, 2012, when a hearing will be held to determine, after further briefing by the parties, whether a preliminary injunction should issue.

Plaintiffs' motion for a preliminary injunction will remain pending. Finally, as with many TROs, this Order is not intended to offer a full analysis of the issues.

I.      Facts and Procedural History

Jackson Women's Health Organization and Dr. Willie Parker, on behalf of themselves and their patients, filed this action challenging an amendment to section 41-75-1 of the Mississippi Code. The amendment adds two new requirements for physicians "associated with [an] abortion facility": beginning on July 1, 2012, they must (1) "have admitting privileges at a local hospital and staff privileges to replace local hospital on-staff physicians," and (2) "be board certified or eligible in obstetrics and gynecology." JWHO does not currently meet the first requirement because to date, JWHO has been unable to obtain privileges for two physicians. JWHO and Dr. Parker allege that the Act violates the Fourteenth Amendment of the United States Constitution, and seek a TRO or preliminary injunction preventing Defendants from enforcing the admitting privileges requirement on the Act's effective date. Defendants oppose the motion.

II.     Standard

A TRO or preliminary injunction is an "extraordinary remedy." *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991) (citing *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)). The four elements for such relief are well known:

> (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

*Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011).  To justify entry of a TRO or preliminary injunction, plaintiffs must "clearly carr[y] the burden of persuasion on all four elements."  *PCI Transp., Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005) (citation and quotations omitted).  And absent factual disputes, the Court may rule without an evidentiary hearing.  *Federal Sav. & Loan Ins. Corp. v. Dixon*, 835 F.2d 554, 558–59 (5th Cir. 1987).

III.     Analysis

Though the debate over abortion continues, there exists legal precedent the Court must follow.  Applying that law, the Court finds that a TRO should issue.

      A.     Substantial Likelihood of Success on the Merits

While "[t]he Fourteenth Amendment protects a woman's right to choose to terminate her pregnancy prior to viability[, g]overnment regulation of abortions is allowed so long as it does not impose an undue burden on a woman's ability to choose."  *Victoria W. v. Larpenter*, 369 F.3d 475, 483 (5th Cir. 2004) (citing *Planned Parenthood of Se. Pa. v. Casey*, 505 U.S. 833, 878 (1992)).  "A state regulation constitutes an undue burden if it 'has the *purpose or effect* of placing a substantial obstacle in the path of a woman seeking an abortion of a nonviable fetus.'"  *Id.* (emphasis added) (quoting *Casey*, 505 U.S. at 877).

In this case, Plaintiffs have offered evidence—including quotes from significant legislative and executive officers—that the Act's purpose is to eliminate abortions in Mississippi.  They likewise submitted evidence that no safety or health concerns motivated its passage.  This evidence has not yet been rebutted.  Regarding the effect of the Act, JWHO is the only regular provider of abortions in Mississippi, and as of the Act's effective date, JWHO cannot comply with its requirements.  To meet the merits prong, Plaintiffs must show substantial likelihood of

3

success, not certainty.  Considering Defendants' response to date, Plaintiffs have met that test. *See*, *e.g.*, *Jackson Women's Health Org. Inc. v. Amy*, 330 F. Supp. 2d 820, 823 (S.D. Miss. 2004) (Lee, J.) (granting TRO because state law would effectively bar certain abortion procedures).

   B.  Substantial Threat of Irreparable Injury

   The situation JWHO faced when it first filed its motion has changed.  Plaintiffs' initial concern was "immediate enforcement" of the admitting privileges requirement resulting in non-renewal of its license and exposure to civil and criminal penalties.  But the State subsequently renewed the Clinic's license, and Defendants have represented that the Clinic will not be shut down once the law goes into effect.  Defendants then agreed that they would not, and could not, pursue criminal prosecution at this time.  Rather, the State will commence administrative proceedings that will allow the Clinic time to comply before it is closed.

   Though Defendants have now addressed most of Plaintiffs' original concerns, they have not addressed Plaintiffs' point that the mere threat of closing the clinic—which would be accomplished through the administrative proceedings the State has promised to start—is sufficient irreparable injury.  *See Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. 1981) (holding that where constitutional right was "'either *threatened* or in fact being impaired', . . . this conclusion mandates a finding of irreparable injury") (emphasis added). Plaintiffs have likewise suggested that requiring the Clinic to defend itself against an allegedly unconstitutional requirement during the state administrative process is itself an irreparable harm.

   At this stage, the Court finds Plaintiffs have satisfied the irreparable-injury prong.  Prior to the hearing to determine whether a preliminary injunction should issue, the Court requests additional briefing by the parties in light of the change in circumstances since the original motion

was filed, and specifically addressing whether the threat of commencing the administrative process for Plaintiffs' current state of non-compliance itself imposes an irreparable harm.

  C. Harm Resulting from a Grant of Injunctive Relief and Public Interest

Defendants offer little more than token opposition to Plaintiffs' position on the final two elements necessary to obtain a TRO, generally arguing that the Clinic would remain open during the state administrative proceedings. But as noted above, question exists as to whether exposure to those proceedings and the threat of closure constitutes sufficient injury. *See Ingebretsen on Behalf of Ingebretsen v. Jackson Pub. Sch. Dist.*, 88 F.3d 274, 280 (5th Cir. 1996) ("[T]he public interest [is] not disserved by an injunction preventing . . . implementation [of an unconstitutional statute.]"). Defendants will have an opportunity to address the issues as they now exist, but at this time Plaintiffs have carried their burden on these final elements.

IV. Conclusion

As with any TRO, the relief is temporary and subject to reconsideration before a preliminary injunction is issued. But for the foregoing reasons, the Court finds that Plaintiffs' Motion for Temporary Restraining Order And/Or Preliminary Injunction [5] should be granted to the extent that a Temporary Restraining Order will issue. The motion for Preliminary Injunction remains pending. Accordingly, it is hereby ORDERED that

(1) Defendants Mary Currier, in her official capacity as State Health Officer of the Mississippi Department of Health, and Robert Shuler Smith, in his official capacity as District Attorney for Hinds County, Mississippi, together with their agents, successors, officers, servants, employees, and all those persons in active concert or participation with them who receive actual notice of this order are temporarily restrained and enjoined from enforcing Mississippi House

Bill 1390.

(2) Plaintiffs motion for a preliminary injunction in this matter will be heard by this Court on July 11, 2012 at 1:00.  This Temporary Restraining Order shall remain in effect through the hearing on Plaintiffs' motion for preliminary injunction.  The parties are ordered to file briefs no later than July 6 at 5:00 p.m., on the issue of irreparable harm outlined above, with simultaneous replies to be filed by noon on July 9.

(3) Given the nature of the relief, bond is waived.

**SO ORDERED AND ADJUDGED** this the 1st day of July, 2012.

                                     s/ *Daniel P. Jordan III*
                                     UNITED STATES DISTRICT JUDGE