UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JACKSON WOMEN'S HEALTH
ORGANIZATION, et al.                                                                                    PLAINTIFFS

v.                                                                        CIVIL ACTION NO. 3:12cv436-DPJ-FKB

MARY CURRIER, MD., M.P.H., et al.                                                             DEFENDANTS

ORDER

This case is before the Court, sua sponte, for consideration of the entry of a stay. Plaintiffs filed this lawsuit challenging the constitutionality of Mississippi House Bill 1390 ("the Act") on June 27, 2012.  Compl. [1].  Following the July 1, 2012 entry of a TRO [17] and a July 11, 2012 hearing, the Court entered its initial preliminary injunction on July 13, 2012.  Order [27].  Plaintiffs ultimately sought further preliminary injunctive relief, and on April 15, 2013, the Court preliminarily enjoined Defendants "from any and all forms of enforcement" of the admitting privileges requirement of the Act during the pendency of the litigation.  Order [81]. The Court subsequently clarified its preliminary injunction, in part, Order [131], and Defendants filed their Notice of Appeal [133] on August 23, 2013.  The Court thereafter entered an Order [145] staying discovery pending appeal, but the case has remained on the Court's active docket.

On July 29, 2014, the Fifth Circuit entered its order affirming, as modified, the preliminary injunction.  Following the Fifth Circuit's denial of Defendants' petition for rehearing, Defendants timely filed a petition for writ of certiorari with the United States Supreme Court on February 18, 2015.  This week, the Supreme Court concluded its 2014–2015 term without acting on Defendants' petition, which remains pending.

Although "the pendency of an interlocutory appeal from [a ruling on] a preliminary injunction ordinarily does not divest the district court of jurisdiction to proceed with other aspects of the case," as a practical matter, this case has been on hold pending the final resolution of Defendants' appeal for nearly two years and could remain inactive for another year. *Hunt v. Johnson*, 90 F. App'x 702, 704 (5th Cir. 2004). With discovery stayed and the appeal pending, additional action in the trial court is not foreseeable. So as an administrative matter, there exists no reason to keep this case on the Court's active docket.

It is therefore ordered that all further proceedings in this action are stayed pending the United States Supreme Court's disposition of the petition for writ of certiorari, either by denial thereof or final order. Once the appellate proceedings have concluded, the parties should file a motion to dissolve the stay. If, however, an issue develops that requires immediate action, the parties may move to have the stay lifted.

**SO ORDERED AND ADJUDGED** this the 1st day of July, 2015.

                                                  s/ *Daniel P. Jordan III*
                                                  UNITED STATES DISTRICT JUDGE