UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | | |
|---|---|---|
| JACKSON WOMEN'S HEALTH ORGANIZATION, on behalf of itself and its patients, | ) ) ) | |
| and | ) ) | |
| WILLIE PARKER, M.D., M.P.H., M.Sc., on behalf of himself and his patients, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 12-CV-00436-DPJ-FKB |
| MARY CURRIER, M.D., M.P.H. in her official capacity as State Health Officer of the Mississippi Department of Health, | ) ) ) ) | |
| and | ) ) | |
| ROBERT SHULER SMITH, in his official capacity as District Attorney for Hinds County, Mississippi, | ) ) ) ) | |
| Defendants. | ) | |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO DISSOLVE STAY OF PROCEEDINGS

Plaintiffs Jackson Women's Health Organization and Willie Parker, M.D., M.P.H., M.Sc. submit this Memorandum of Law in Support of their Motion to Dissolve Stay of Proceedings. The Court entered the stay on July 1, 2015, pending the appeal of this Court's preliminary injunction order, and directed the parties to file a motion to lift the stay once appellate proceedings had concluded.  ECF No. 160.  Those proceedings are now over.  The U.S. Court of Appeals for the Fifth Circuit affirmed the Court's order in July 2014, and the Supreme Court subsequently denied Defendants' petition for a writ of certiorari on June 28, 2016.  Further, the

1

legal standard that governs Plaintiffs' claims has now been clarified.  In June, the Supreme Court struck down a Texas admitting privileges requirement that is nearly identical to the admitting privileges requirement at issue here and held more broadly that the undue burden standard requires courts to review abortion restrictions under heightened scrutiny to determine if their benefits justify their burdens.  *See Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292 (2016).  Accordingly, this case is now ready for resolution under the clarified legal standard.

I.     BACKGROUND

On June 27, 2012, Plaintiffs filed their complaint in this case seeking declaratory and injunctive relief against two medically baseless requirements imposed by Mississippi House Bill 1390: the Admitting Privileges Requirement, which requires all physicians associated with an abortion facility to hold admitting privileges at a local hospital, and the OB/GYN Requirement, which requires all physicians associated with an abortion facility to be board-certified or board-eligible in obstetrics/gynecology.  H.B. 1390 § 1 (codified at Miss. Code Ann. § 41-75-1(f)); ECF Nos. 1, 124.

Plaintiffs immediately sought preliminary injunctive relief against the Admitting Privileges Requirement, which would have forced Plaintiffs to stop providing abortions and shut down the last remaining licensed abortion clinic in the state if it had been fully enforced.  ECF No. 5.  This Court granted a partial preliminary injunction against enforcement of the Admitting Privileges Requirement on July 13, 2012, prohibiting Defendants from imposing any penalties on Plaintiffs while the clinic's physicians attempted to obtain admitting privileges at a local hospital in an effort to comply with H.B. 1390.  ECF No. 27.  Defendants did not appeal that order.

Plaintiffs moved for additional injunctive relief when it became clear that, despite diligent effort over many months, the clinic's physicians Dr. Parker and Dr. Doe would not be

able to obtain admitting privileges at a local hospital, and thus, the clinic could not continue providing abortion services with the Admitting Privileges Requirement in effect. ECF No. 46. This Court granted Plaintiffs' renewed motion for a preliminary injunction on April 15, 2013, blocking enforcement of the provision for the duration of the litigation as applied to the clinic and its physicians. ECF No. 81. Neither preliminary injunction order involves the OB/GYN Requirement. On August 23, 2013, Defendants appealed this second preliminary injunction order to the U.S. Court of Appeals for the Fifth Circuit. ECF No. 133.

Before the appeal to the Fifth Circuit, the parties engaged in fact discovery on both the Admitting Privileges and the OB/GYN Requirements: the parties produced documents, exchanged expert reports in March and April of 2013, and deposed a number of fact witnesses. Following the close of fact discovery on June 12, 2013, Plaintiffs noticed depositions of Defendants' experts in advance of the Court's November 1, 2013 deadline for the completion of expert discovery. *See* ECF Nos. 137, 138, 139. On September 11, 2013, Defendants moved for a stay of further discovery pending the appeal from the preliminary injunction order. ECF No. 140. Plaintiffs opposed the motion. ECF 143. On October 10, 2013, this Court granted Defendants' motion, terminating all deadlines and ordering that expert discovery be stayed until further order of the Court. ECF No. 145.

On July 29, 2014, the Fifth Circuit held that Plaintiffs had a substantial likelihood of success on their claim that the Admitting Privileges Requirement imposes an undue burden on a woman's right to choose abortion in Mississippi. *See Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 459 (5th Cir. 2014). The Fifth Circuit thus affirmed, as modified, this Court's preliminary injunction order. *See id*. On August 13, 2014, Defendants petitioned the Fifth Circuit for rehearing en banc, which the appeals court denied on November 20, 2014. *See*

*Jackson Women's Health Org. v. Currier*, No. 13-60599 (5th Cir. Nov. 20, 2014) (Doc. 00512843283).  On February 18, 2015, Defendants petitioned the Supreme Court for certiorari, which the Supreme Court denied on June 28, 2016.  *Currier v. Jackson Women's Health Org.*, 136 S. Ct. 2536 (2016).  As Defendants' petition for certiorari was pending, this Court, *sua sponte*, stayed all further proceedings in this case.  ECF No. 160.

## II.  THE COURT SHOULD DISSOLVE THE STAY BECAUSE ALL APPELLATE PROCEEDINGS ARE CONCLUDED AND THE CASE IS NOW RIPE FOR EXPEDITED RESOLUTION UNDER A CLARIFIED LEGAL STANDARD

The Court should lift the stay because all appellate proceedings in the case are now complete, following the Supreme Court's order in June.  Additionally, now that the Supreme Court has clarified the applicable legal standard, this case is ready for prompt resolution.

The day before the Supreme Court denied certiorari in this case, it decided *Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292 (2016).  In *Whole Woman's Health*, the Supreme Court concluded that, *inter alia*, Texas's nearly-identical admitting privileges requirement was unconstitutional on its face because it imposed an undue burden on a woman's right to choose an abortion.  *Id*. at 2310–11.  In reaching that conclusion, the Court found that the undue burden standard requires evaluating whether an abortion restriction actually serves its stated interest, and that the Texas admitting privileges requirement would do nothing to advance women's health.  *Id.* at 2311–13.  *Whole Woman's Health* further clarified that the undue burden standard requires meaningful review of abortion restrictions based on a court's careful consideration of the evidence presented.  *Id*. at 2310.  Finally, based on such evidence, a court evaluating an abortion restriction under the undue burden standard must weigh the restriction's asserted benefits against its burdens.  *Id*. at 2309.  When the benefits of the restriction do not justify its burdens, the restriction is undue and therefore unconstitutional.  *Id*. at 2299.

4

Following the decision in *Whole Woman's Health*, this case is ripe for an expedited resolution. The Supreme Court has clarified the legal standard that governs Plaintiffs' claims, and only expert discovery on the OB/GYN Requirement remains outstanding. Consistent with this posture, and after the Supreme Court's orders, counsel for Plaintiffs and Defendants discussed a possible negotiated resolution of the case but were unable to reach agreement.

The reasons for the stay entered by the Court no longer apply. Plaintiffs therefore respectfully request that the Court dissolve the stay and set a schedule for completing expert discovery on the OB/GYN Requirement and simultaneous summary judgment briefing on the Admitting Privileges Requirement.

Dated: September 23, 2016

Respectfully submitted,

s/ *Julie Rikelman*
Julie Rikelman*
NY Bar #3011426
Hillary Schneller**
NY Bar #5151154
Center for Reproductive Rights
199 Water Street, 22nd Floor
New York, NY 10038
Ph: (917) 637-3670
Fax: (917) 637-3666
jrikelman@reprorights.org
hschneller@reprorights.org

Robert McDuff
McDuff & Byrd
767 North Congress Street
Jackson, MS 39202
Ph: (601) 969-0802
Fax: (601) 969-0804
rbm@mcdufflaw.com

Aaron S. Delaney*
NY Bar # 4321642

Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
Ph: (212) 373-3119
Fax: (212) 491-0119
adelaney@paulweiss.com

*Admitted *pro hac vice*
**Admission *pro hac vice* pending

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the clerk of the court by using the Court's CM/ECF system, which will send a notice of electronic filing to counsel for Defendants:

Paul E. Barnes
Office of the Attorney General
550 High Street
Jackson, MS 39201
Ph: (601) 359-4072
Fax: (601) 359-2003
pbarn@ago.state.ms.us

Beatryce McCrosky Tolsdorf
Office of the Attorney General
Mississippi Department of Health
P. O. Box 1700
570 E. Woodrow Wilson (39216)
Jackson, MS 39214
Ph: (601) 576-7446
Fax: (601) 576-7805
bea.tolsdorf@msdh.state.ms.us

Wilson D. Minor
Office of the Attorney General
P.O. Box 220
550 High Street (39201)
Jackson, MS 39205
Ph: (601) 359-6279
Fax: (601) 359-2003
wmino@ago.state.ms.us

LaShundra B. Jackson-Winters
Office of the City Attorney - Jackson
P. O. Box 2779
455 E. Capitol St. (39201)
Jackson, MS 39207
Ph: (601) 960-1799
Fax: (601) 960-1756
lwinters@city.jackson.ms.us

 

s/ *Julie Rikelman*
Julie Rikelman*
NY Bar #3011426
Center for Reproductive Rights
199 Water Street, 22nd Floor
New York, NY 10038
Ph: (917) 637-3670
Fax: (917) 637-3666
jrikelman@reprorights.org

*Admitted *pro hac vice*