IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| JACKSON WOMEN'S HEALTH ORGANIZATION, on behalf of itself and its patients, *et al.*,<br><br>           Plaintiffs,<br><br>v.<br><br>MARY CURRIER, M.D., M.P.H., in her official capacity as State Health Officer of the Mississippi Department of Health, *et al.*,<br><br>           Defendants. | Case No. 3:12-CV-00436-DPJ-FKB |

**DECLARATION OF CLIFF JOHNSON IN SUPPORT OF
PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, EXPENSES, AND COSTS**

      CLIFF JOHNSON declares under penalty of perjury that the following statements are true and correct:

      1.     My name is Cliff Johnson; I am over eighteen years of age and am fully competent to testify to the facts set forth in this declaration. I submit this declaration in support of plaintiffs' motion for attorney's fees, expenses, and costs.

**Experience and Qualifications**

      2.     I am an Assistant Professor of Law and the Director of the Roderick and Solange MacArthur Justice Center at the University of Mississippi School of Law. I joined the faculty in 2014, after being selected as the first Director of the MacArthur Justice Center's Mississippi office. As Director, I oversee all of the MacArthur Justice Center's Mississippi litigation

1

efforts—which are focused on criminal justice and civil rights issues—and provide instruction and supervision to law students participating in the MacArthur Justice Clinic.

3. The MacArthur Justice Center has successfully litigated cases challenging practices such as illegal and excessive bail, the operation of "debtors' prisons," the denial of appointed counsel for indigent defendants, illegal sentencing of juvenile offenders, and the failure to provide inmates with decent prison conditions.

4. Prior to joining the faculty, I practiced law in Mississippi for more than 20 years. I was admitted to the Mississippi Bar in 1992, after receiving a Juris Doctor degree from Columbia University School of Law in 1992 and a Bachelor of Arts degree from Mississippi College in 1989. I served as a law clerk to the Hon. William H. Barbour, Jr. (1992–1993); then worked in private practice as an associate at Butler, Snow, O'Mara, Stevens & Cannada (1993–1996); then served as an Assistant U.S. Attorney for the Southern District of Mississippi (1996–2001); and then returned to private practice as a shareholder and founding partner of Pigott & Johnson, P.A. (2001–2014), handling a wide variety of complex civil and criminal matters. During 2005-2006, I was Fulbright Scholar at the Raoul Wallenberg Institute for Human Rights and Humanitarian Law and Lund University School of Law in Sweden where I taught Law and History of the American Civil Rights Movement.

5. I have been honored as one of the "Top 40 Under 40" (2003) by the *Mississippi Business Journal*, as a "Mid-South Super Lawyer" (2011–2014), as a National Trial Lawyer of the Year (2016) by *Public Justice*, and as one of the "Best Lawyers in America" (2017). I also was presented with the Inspector General's Integrity Award by the United States Department of Health and Human Services (1997).

## Plaintiffs' Need to Obtain Out-of-State Counsel in this Case

6. Based on my experience, I am familiar with the small handful of attorneys who regularly practice in the area of civil rights litigation in Mississippi.

7. While there are Mississippi attorneys—such as Rob McDuff and myself—who are willing to assist as local counsel in reproductive rights cases, I am not aware of any Mississippi lawyers with the combination of the necessary skills, experience, time, and resources who would have been willing and able to take on a complex, multi-year abortion rights case without substantial assistance from out-of-state counsel.

8. To the best of my knowledge, for the past few decades, all federal cases about the constitutionality of Mississippi laws regarding abortion have involved out-of-state lawyers who specialize in reproductive rights litigation. In addition to the present case, I am aware of the following such cases:

- *Barnes v. Moore*, 970 F.2d 12 (5th Cir. 1992), which challenged a Mississippi law that required a physician to inform a patient of certain risks of abortion and required a 24-hour waiting period between such disclosures and the performance of an abortion. The Fifth Circuit's opinion reflects that plaintiffs were represented by, in addition to Mississippi counsel, attorneys based in New York at the Planned Parenthood Federation of America ("Planned Parenthood") and the Center for Reproductive Law & Policy.

- *Barnes v. Moore*, 992 F.2d 1335 (5th Cir. 1993), which challenged a Mississippi law that generally required a minor to obtain the consent of both parents before obtaining an abortion. The Fifth Circuit's opinion reflects that plaintiffs were represented by, in addition to Mississippi counsel, attorneys based in New York.

- *Pro-Choice Miss. v. Thompson*, No. 3:96-cv-596-WHB (S.D. Miss.), which challenged a Mississippi law that denied abortion providers licenses unless they satisfied various conditions, such as obtaining a written transfer agreement from a local hospital. The docket reflects that, in addition to Mississippi counsel (including Mr. McDuff), plaintiffs were represented by attorneys based in New York at the ACLU Foundation and at the firm of Arnold & Porter.

- *National Women's Health Organization of Jackson d/b/a Jackson Women's Health Organization v. Musgrove*, No. 3:00-cv-245-WHB (S.D. Miss. 2000), which challenged the denial of Medicaid coverage for an abortion to an indigent 12 year old girl who had

been raped. The docket reflects that, in addition to Mississippi counsel, plaintiffs were represented by an attorney based in New York at the ACLU Foundation.

- *Jackson Women's Health Organization, Inc. v. Amy*, No. 3:04-CV-495-TSL-AGN, 2005 WL 1412125(S.D. Miss. June 14, 2005), which challenged a Mississippi law that required abortions after the first trimester to be performed at an ambulatory surgical facility (or hospital), while leaving abortion providers ineligible for licensure as an ambulatory surgical facility. The docket reflects that, in addition to Mississippi counsel, plaintiff was represented by two attorneys based in New York at the Center for Reproductive Rights ("CRR").

- *Planned Parenthood of the Southeast, Inc. v. Dzielak*, No. 3:16-cv-454-DPJ-FKB, 2016 WL 6127980 (S.D. Miss. Oct. 20, 2016), which challenged a Mississippi law that disqualifies any entity that performs abortions from eligibility to participate in Mississippi's Medicaid program. The docket reflects that, in addition to Mississippi counsel (including Mr. McDuff), plaintiffs were represented by two attorneys (one based in New York and one based in Washington, D.C.) at the Planned Parenthood Federation of America.

- *Jackson Women's Health Organization v. Currier*, No. 3:18-cv-171-CWR-FKB (S.D. Miss.), which challenges a variety of Mississippi abortion restrictions including a law that bans abortion after 15 weeks. The docket reflects that, in addition to Mississippi counsel (Mr. McDuff), plaintiffs are represented by attorneys based in New York at the CRR and Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss").

9. In this matter, given the need for expedited proceedings, preliminary injunctive relief, substantial factual discovery, and expert medical testimony, plaintiffs needed to retain experienced litigators with access to substantial resources and support staff. Plaintiffs also needed those lawyers to commit to a representation that could easily last several years and in which compensation for their time or reimbursement for expenses would not be available— except at the end of the case, as a prevailing party.

10. While there are obviously law firms in Mississippi with the time and resources to handle complex litigation, I am not aware of any such firm that would have been willing to handle a complex pro bono matter for an abortion clinic. For several reasons, such a case would be highly undesirable to such local lawyers. Obviously, abortion is a highly controversial issue in Mississippi. Many Mississippi lawyers would not represent an abortion provider because of

4

their personal opposition to abortion or because they are concerned about losing paying matters from clients or potential clients who are opposed to abortion. Moreover, even if there are firms who would be able to expend the time and resources to handle a complex multi-year abortion rights case, I am aware of none with any background in this complicated area of the law, which would significantly increase the time necessary to litigate the case while their lawyers got up to speed. And even if they were otherwise willing and had the time and resources, I am not aware of any firms that would commit that sort of time and resources where the prospect of payment was uncertain, where a premium on their fees was unlikely, and where any such payment would not come until well after the conclusion of the case.

11. In my opinion, plaintiffs could not have obtained adequate representation in this matter—much less representation of the same quality as that provided by the CRR and Paul, Weiss—from a team comprised exclusively of in-state lawyers. I thus view plaintiffs' decision to retain the CRR and Paul, Weiss as entirely reasonable.

### Reasonable Hourly Rates for Robert McDuff

12. I am familiar with the skill, reputation, and experience of Mr. McDuff, having collaborated with him as co-counsel in several matters over the years. He is one of Mississippi's preeminent lawyers, and I can think of no lawyer more qualified to provide the services for which he now seeks compensation.

13. In my opinion the $450/hour rate sought by Mr. McDuff is consistent with the rates charged to fee-paying clients by lawyers based in the Southern District of Mississippi of reasonably comparable skill, reputation, and experience during the relevant time period. I am familiar with the market in the Southern District for complex litigation. In 2014, when I was still in private practice, and for several years prior to that time, my regular rate for hourly rate

clients was $400 per hour. This was well within the market range for a lawyer of my experience. I graduated law school in 1992. Mr. McDuff graduated law school in 1980, twelve years earlier. $450 per hour for him is well within the market range for a lawyer of his experience in complex civil rights litigation.

Oxford, Mississippi
May 29, 2018

_____
Cliff Johnson